Affirmed and Majority and Concurring Opinions filed November 4, 2010.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00620-CR



Edgar Josias
Vasquez, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 1145289



 

CONCURRING OPINION

The main issue in this appeal is whether a
traffic-stop detention was unreasonable because the officer did not ask the
driver for consent to search the vehicle until two minutes after receiving confirmation
that the driver had a valid license and no outstanding warrants, and that the
vehicle was not stolen.  The majority concludes that the detention was
reasonable because by this time the officer had reasonable suspicion to believe
that another offense had been or was being committed.  Instead, this court should
conclude that continuing the detention for two more minutes was reasonable
under the circumstances, even presuming that the officer had no reasonable
suspicion of another offense.

Fourth Amendment “reasonableness” is measured “‘in
objective terms by examining the totality of the circumstances’”;  it
“‘eschew[s] bright-line rules, instead emphasizing the fact-specific nature of
the . . . inquiry.’”  Kothe v. State, 152 S.W.3d 54, 63 (Tex. Crim. App.
2004) (quoting Ohio v. Robinette, 519 U.S. 33, 39, 117 S. Ct. 417, 136
L.Ed.2d 347 (1996)).  It requires a balance between the public interest served
and the individual’s right to be free from arbitrary detentions and
intrusions.  Id.

In the case under review, Trooper Kibble’s initial
detention of appellant was reasonable based on suspicion of two traffic
violations.  Trooper Kibble promptly initiated a license and warrants check. 
He asked appellant various questions and prepared warning citations.  By 11:21 a.m.,
Trooper Kibble had received confirmation that appellant had a valid license and
no outstanding warrants and that the vehicle was not stolen.  Two minutes
later, appellant validly consented to a search of his vehicle, which resulted
in the discovery of sixty-eight kilograms of cocaine.  The main issue is
whether Trooper Kibble’s continued detention of appellant for these two minutes
was reasonable.

In deciding whether the duration of a detention is
“reasonable,” the general rule is that an investigative stop can last no longer
than necessary to effect the purpose of the stop.  See id.  But, during
a traffic stop, police officers may request information from the driver, such
as a driver’s license and vehicle registration, and may conduct a computer
check on that information.  See id.  After this computer check is
completed, and the officer learns that the driver has a valid license and no
outstanding warrants, and that the vehicle is not stolen, the traffic-stop
investigation is fully resolved.  See id.  at 63–64.  The officer may
continue the detention if another reasonable basis for detaining the driver
arises.  See id.  at 63–67.  If not, the Court of Criminal Appeals has indicated
that the officer should release the driver shortly after this computer check is
completed.  See id.  at 63–64 (stating that driver must be permitted to
leave after computer check is completed and there is no new valid basis for
detaining the driver, indicating that detention for a brief period after this
point can be reasonable, and holding that detention for very short period of
time after this point was reasonable).  But there are no rigid time limitations
on these detentions.  See id.  at 64.  In determining whether the
detention of a driver was reasonable, the issue is whether the officer
diligently pursued a means of investigation that was likely to confirm or
dispel his suspicions quickly, during the time necessary to detain the driver. 
Id.

Further, an officer making a traffic stop need not
investigate the situation in a particular order; however, the detention becomes
unreasonable under the circumstances if the officer “unduly prolongs” the
detention.   See id.  at 65.  The order of events during a traffic stop,
though relevant to the determination of “reasonableness,” is not
determinative.  See id. at 66.  Fourth Amendment “reasonableness” does
not require a “single, formulaic approach” to a traffic-stop investigation, and
it does not mandate rigid adherence to “the least intrusive means” of
investigation defined by reviewing courts using hindsight.  Id. at 66
(quoting United States v. Brigham, 382 F.3d 500, 511 (5th Cir. 2004) (en
banc)).  

As in Kothe, in the case under review, there
was a brief interval between completion of the computer check and the next
event allowing further detention.  In Kothe, the interval was very short
because the next event occurred almost immediately after the completion of the
computer check.  See id.  at 66–67.  Nonetheless, the Kothe court
stated that there was a period of time between these two events and the court
held that continued detention of the driver during this interval was
reasonable.  See id. at 66–67.  In the case under review, the time period
was two minutes.  The record shows that Trooper Kibble diligently pursued his
investigation, and there was no evidence that he engaged in a “fishing
expedition” or unduly prolonged the detention.   See id.  at 65–67. 
Viewing the totality of the circumstances, the continued detention of appellant
during the two-minute period between the completion of the computer check and
appellant’s consent to a search of the vehicle was “reasonable” as a matter of
substantive Fourth Amendment law.  See id; Caraway v. State, 255
S.W.3d 302, 308 (Tex. App.—Eastland 2008, no pet.) (involving an officer who received
consent to search a vehicle less than one minute after receiving information
about the driver’s criminal history).  For the foregoing reasons, the trial
court did not abuse its discretion in denying appellant’s motion to suppress. 
Accordingly, I respectfully concur in the court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore. 
(Anderson, J., majority).

Publish —
Tex. R. App. P. 47.2(b).